In the Matter of the Claim of SADIE ONISK, Respondent, against KNAUST BROS., and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.*

Third Department, January 16, 1929.

---

* Affd., 250 N. Y. 569.

*Bacon & Tippett [Clarence B. Tippett* of counsel], for the appellants.

*Albert Ottinger, Attorney-General [Alexander A. Tausky, Deputy Attorney-General,* of counsel, and *E. C. Aiken, Assistant Attorney-General],* for the respondents.

*Lester B. Smith,* for the claimant, respondent.

HILL, J. Decedent was crossing from an island in the Hudson river to the west shore, when the boat in which he was riding was capsized and he was drowned. His employer was engaged in mushroom culture in abandoned icehouses, one located on the west shore, another on the island. In the morning of the accident, decedent went in an automobile to the Hagadorn icehouse located on the west shore, two miles south of New Baltimore, where he worked until his employer took him and others to the island in a gasoline launch. He said to the men that he would take them back to the place they "started from." When the boat arrived at the island, its supply of gasoline was nearly exhausted. The employer describes the arrangements for the return trip which he made with the foreman. " I asked him if he had boats enough in case he had some extra men to take over, and he said there were two boats there."

The foreman invited decedent to ride in the boat with him, but as it was to dock at New Baltimore, about two miles from the starting point, decedent chose the other which was to dock at the Hagadorn icehouse. The employer had agreed to return him to that place. The accident happened while decedent was using one of the boats which the employer had been told was available.

The award should be affirmed, with costs to the State Industrial Board.

HINMAN and WHITMYER, JJ., concur; VAN KIRK, P. J., and DAVIS, J., dissent on the ground that there was no general agreement to furnish transportation and on this particular occasion, when the employer undertook to transport decedent from the island to the shore, the decedent elected to return in the boat of his friend, over which the employer had no control, rather than by the boat provided by the employer; and deceased was not in the course of the employment when the accident occurred.

Award affirmed, with costs to the State Industrial Board.