DOMINICK GRISANZIO, Appellant, v. MATTHEW CAFISO, Respondent, et al., Defendants.

Brennan, Rabin and Hopkins, JJ., concur; Christ, Acting P. J., and Munder, J., dissent and vote to affirm the judgment and the order, with the following memorandum: No question of fact exists upon the crucial issue: Was plaintiff in the course of his employment when he was injured in a fellow employee's car? Plaintiff and defendant Cafiso were employed by Grumman Aircraft Co.; their principal usual work place was at its Bethpage plant. They arrived there on the morning of the accident and were required to attend a conference in New York City. Plaintiff and other employees were driven by Cafiso in the latter's car; Grumman was to reimburse Cafiso for this service. Plaintiff was entitled to be returned to the Bethpage plant at the close of the conference, so that he could pick up his car. In fulfillment of this purpose and on the return trip from New York the accident happened. On these facts, which are undisputed, it must be held as a matter of law that at the time of the accident plaintiff was in the course of his employment and on the business of Grumman Aircraft Corp., as was

his fellow servant, the driver Cafiso (*Solomon* v. *Russo*, 20 N Y 2d 688). When Grumman undertook to send him from the Bethpage plant to New York on its business and to return him to the plant and to his car, there existed an employment entitling plaintiff to workmen's compensation benefits (see, *Matter of Onisk* v. *Knaust Bros.*, 225 App. Div. 186, affd. 250 N. Y. 569; 145 A. L. R. 1033). Here the obligation of the employer, no different from the contractual obligation in *Naso* v. *Lafata* (4 N Y 2d 585), was to return plaintiff to the place from which he had pool transportation home. It is idle and unnecessary to speculate on whether he might take the train or stay overnight in New York and take any other course; he was in fact in a car paid for by the employer and was on his way back to the plant when his fellow employee, the driver, collided with the rear of another vehicle.